F I L E D
09/14/2023
*Peg L. Allison*
CLERK
Flathead County District Court
STATE OF MONTANA
By: Brittney Colacino
DV-15-2022-0000736-NE
Ulbricht, Heidi J
4.00

Hillary P. Carls
CARLS LAW, PLLC
P.O. Box 85
Bozeman, MT 59771
406.577.2145
406.219.0256 (fax)
hillary@carlslaw.com

*Attorney for Plaintiff*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| Elizabeth Klemann,<br><br>        Plaintiff,<br><br>vs.<br><br>Zachary Joseph Jackson Ailes, and John Doe Defendants 1-50,<br><br>        Defendants. | Case No.: DV-15-2022-736-NE<br><br>**First Amended Complaint &<br>Jury Trial Demand** |

Pursuant to Montana Rule of Civil Procedure 15(a)(1), Plaintiff, Elizabeth Klemann, amends her Complaint & Jury Trial Demand (July 7, 2022) and alleges as follows:

1.     At all times relevant Plaintiff Elizabeth Klemann ("Plaintiff") was a resident of Kalispell, Flathead County, Montana.

2.     At all times relevant Defendant Zachary Joseph Jackson Ailes ("Ailes") was a resident of Palm Beach, Florida.

3.     Plaintiff believes that the John Doe Defendants are subject to the jurisdiction of the State of Montana and this Court.  The John Doe Defendants are parties that may have been involved in the occurrence set out herein, may have been agents of, employers of, employees of franchisers or franchisees of, or contractually obligated to the named Defendants or are in privy with the named Defendants and, therefore, said John Doe Defendants may have committed one or more of the acts set out herein or may be responsible through tortuous interference, strict liability,

1

breach of warranty, negligence, negligent misrepresentation, the law of agency, respondeat superior, franchise law or by contract for the acts of the named Defendant as set out herein. Plaintiff believes and therefore alleges that the John Doe Defendants may have committed one or more of the acts set out herein and that they would therefore be liable for the same.  Plaintiff will amend these pleadings as the case progresses to specify the various acts of the John Doe Defendants.

4.      In July 2019, Ailes and the Plaintiff has just met in-person, previously knowing each other only through social media.  Ailes and the Plaintiff were both 19-years-old.

5.      Upon information and belief, Ailes had previously spent time in Montana at addiction and behavioral treatment facilities.  In July 2019, he had returned to Montana for a vacation and to visit people he attended treatment with.

6.      The Plaintiff is a fifth-generation Montanan, who moved to Kalispell as a child.  In July 2019, the Plaintiff was home from college for the summer.

7.      This case is about how, in the brief time Ailes and the Plaintiff were both in Kalispell, Ailes's negligent, thoughtless, and dangerous choices and actions forever changed the Plaintiff's life.

8.      On or about July 12, 2019, at approximately 9:30 a.m., Ailes was driving his vehicle eastbound on U.S. 2 in Flathead County, Montana. At this time, Plaintiff was a passenger in Ailes's vehicle and had only known Ailes a few days.

9.      Ailes attempted to follow another vehicle and pass a semi-truck with a trailer on U.S. 2. Ailes did not have a clear view while attempting to pass.  Ailes failed to ensure that it was safe to pass the semi-truck. It was not safe to pass the semi-truck.

10.     While Ailes attempted to pass the semi-truck, another vehicle was traveling westbound on U.S. 2 approaching the same location.  Ailes crashed his vehicle head-on into the westbound vehicle.

11.     As a result of Ailes' actions, he was charged with the offense of Careless Driving, in violation of § 61-8-302, MCA.

12.     That, upon information and belief, Ailes had a history of dangerous driving and knew or should have known the consequences to himself and others with his choice to drive dangerously.

13.     That Ailes's actions on July 12, 2019 created a high probability of injury to Plaintiff.

14.     That on July 12, 2019 Ailes's deliberately proceeded to act in conscious or intentional disregard of, or with indifference to, the high probability of injury to Plaintiff.

15.     In the few days that Plaintiff knew Ailes prior to the July 12, 2019 crash, Ailes repeatedly put Plaintiff in dangerous situations.

16.     The first time Plaintiff met Ailes, he tried kissing her three times, to which each time Plaintiff said no and Ailes ignored her.

17.     Ailes violated Plaintiff's boundaries by:

   a.  Drunk driving on 3 separate nights, often forcing Plaintiff to ride with him when she did not want to;

   b.  Driving dangerously when Plaintiff was in his vehicle;

   c.  Demanding unwanted sexual contact, including becoming violent. In one encounter, Ailes asked if he could slap Plaintiff during sex and initially Plaintiff consented.  However, after the first slap Plaintiff asked Ailes to stop, but he ignored her request, hitting her harder when he slapped her face again; and

     d.   Playing with and handling firearms in a disrespectful, reckless manner, including one incident where Ailes repeatedly tossed and flipped a loaded pistol on a bed that Plaintiff was sitting on, even after Plaintiff asked him to stop. The Plaintiff was scared for her life.

18.    That Ailes's thoughtless and dangerous behavior continued after the July 12, 2019 crash, when Plaintiff was particularly vulnerable and struggling with her brain injury that resulted from the crash.

19.    At all relevant times, Ailes knew or should have known Plaintiff was suffering and struggling from a brain injury. Ailes observed the symptoms of her brain injury, such as her emotional bursts and odd behavior.

20.    That Ailes had a duty of care to Plaintiff, which required him to recognize her vulnerable state and her trust in him, and to not take advantage of her condition.

21.    Approximately 2-weeks after the crash, on or about July 29, 2019, in the evening, Ailes and Plaintiff met at the hotel where Ailes was staying. At dusk, they walked to a restaurant.

22.    During that evening, Ailes stated that Plaintiff was acting drunk and asked her to calm down.  Ailes statement puzzled Plaintiff because she had not consumed enough alcohol to be acting drunk. In the span of 3-hours, Plaintiff consumed 4-White Claws.

23.    Between 11pm and midnight, Ailes and Plaintiff left the restaurant, and walked back to the hotel.

     a.   Plaintiff was unable to walk straight.

     b.   Ailes helped her walk.

     c.   Ailes instructed Plaintiff to stop being so loud.

    d.   Once Ailes and Plaintiff arrived at the hotel, Plaintiff recalls making a comment to which Ailes responded with anger.

24.    Plaintiff's next memory is some unknown period of time later and brief: Ailes on top of Plaintiff without a shirt on.

25.    Plaintiff woke up the next morning not wearing underwear or pants, but still wearing her shirt and bra.  Ailes was in his boxers.

26.    Plaintiff got dressed, explained to Ailes that she did not remember the night before, and asked if they had sex.  Ailes confirmed that he had sex with her.

27.    Plaintiff was incapable of consenting to sex with Ailes.

28.    Ailes did not have Plaintiff's consent to have sex with her on or about July 29, 2019.

29.    Ailes knew or should have known of Plaintiff's impaired condition because Ailes:

    a.   Created her impairment by:

        i.   causing the car crash, which resulted in Plaintiff's brain injury;

        ii.   encouraging Plaintiff to consume alcohol; and/or

        iii.   upon information and belief, providing another intoxicant to impair Plaintiff; and/or

    b.   Commented on and observed the Plaintiff's impaired condition.

30.    That Ailes knew or should have known that Plaintiff was so impaired that she could not have consented to having sex with him.

31.    That Ailes knew or should have known that Plaintiff did not consent to having sex with him.

32.    When Plaintiff was the most vulnerable, Ailes violated his duty of reasonable care with Plaintiff, and her trust, when he did not seek Plaintiff's consent before having sex with her.

33.     That Ailes had sexual contact with Plaintiff without her consent.

34.     That Ailes had sexual contact with Plaintiff when she was incapable of consent.

35.     That Ailes's reasonable duty of care was to ensure that he had Plaintiff's consent before engaging with sexual contact with her.

36.     On or about July 29, 2019, Ailes negligently failed to receive Plaintiff's consent for sexual contact.

37.     As a result of Ailes' actions, Ailes violated §§ 45-5-502 and 503, MCA.

38.     That Ailes knew or should have known the consequences to Plaintiff with his choice to have sexual contact without Plaintiff's consent.

39.     That Ailes's actions on July 29, 2019 created a high probability of injury to Plaintiff.

40.     That on July 29, 2019 Ailes's deliberately proceeded to act in conscious or intentional disregard of, or with indifference to, the high probability of injury to Plaintiff when had sexual contact without Plaintiff's consent.

41.     As a result of the negligent acts or omissions of Ailes as alleged herein, Plaintiff suffers from aggravating, persistent, and permanent injuries to her body and psyche.

42.      Plaintiff's injuries impair her ability to carry out her normal activities, including her daily routine.  While Plaintiff attempts to continue her normal activities, she suffers great pain, discomfort, and other limitations by so doing.

43.     Plaintiff has been required to seek medical attention in order to relieve her pain, discomfort, and conditions, which may never permanently resolve.

44.     Plaintiff's traumatic brain injury and post-traumatic stress disorder has forced her to significantly change her life, including vision issues, emotional changes and swings, anxiety,

flashbacks, personality changes, nausea, migraines, and dizziness, among other injuries and symptoms.

### Count 1—Negligence

45.     Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

46.     That in the July 12, 2019 car crash, Ailes was negligent and this negligence legally and proximately caused the injuries suffered by Plaintiff.

47.     That on July 29, 2019, Ailes negligently communicated with Plaintiff, and negligently failed to determine whether he had the Plaintiff's consent to have sexual contact with her.

48.     That on July 29, 2019 Ailes negligently failed to receive consent from Plaintiff prior to having sexual contact, Ailes was negligent, and this negligence legally and proximately caused the injuries suffered by Plaintiff.

49.     That on July 29, 2019, Ailes did not intend to harm Plaintiff, and therefore, is negligent.

50.     That on July 29, 2019, Ailes did not expect or intend the consequences, and therefore, is negligent.

51.     Ailes is liable for said acts of negligence.

52.     As a result of Ailes's negligence, Plaintiff has suffered damages in an amount to be determined at trial.

### Count 2—Negligence *Per Se*

53.     Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

54.    That on July 12, 2019, Ailes was negligent, as a matter of law, when he violated § 61-8-302, MCA, and this negligence as a matter of law legally and proximately caused the injuries suffered by Plaintiff.

55.    That on July 29, 2019, Ailes was negligent, as a matter of law, when he violated §§ 45-5-502 and 503, MCA, and this negligence as a matter of law legally and proximately caused the injuries suffered by Plaintiff.

56.    Ailes is liable for said acts of negligence as a matter of law.

57.    As a result of Ailes's negligence, as a matter of law, Plaintiff has suffered damages in an amount to be determined at trial.

## Count 3—Emotional Distress

58.    Plaintiff realleges all of the facts set out in the introduction and alternate counts of this Complaint.

59.    Said acts or omissions by Defendant related to the July 12, 2019 crash as set out above have proximately caused and resulted in negligent and intentional infliction of emotional distress on Plaintiff, damaging Plaintiff in an amount to be determined at trial.

60.    Said acts or omissions by Defendant related to the July 29, 2019 sexual encounter as set out above have proximately caused and resulted in negligent and intentional infliction of emotional distress on Plaintiff, damaging Plaintiff in an amount to be determined at trial.

61.    As a result of the actions of Defendant, Plaintiff has been damaged in an amount to be determined at trial.

## Count 4—Actual Fraud/Malice

62.    Plaintiff realleges all of the acts set out in the introduction and alternate counts of this Complaint.

63.    Ailes is guilty of actual fraud and/or malice as defined in § 27-1-221, MCA, for engaging in the aforementioned conduct regarding:

    a.   the July 12, 2019 crash; and

    b.   the July 29, 2019 sexual encounter.

64.    That Ailes's actions resulted when he deliberately proceeded to act in conscious or intentional disregard of, or with indifference to, the high probability of injury to the Plaintiff.

65.    That Ailes's should be assessed punitive damages sufficient to punish, deter, and make an example of such wrongdoing pursuant to § 27-1-221, MCA.

66.    As a result of the actions of Ailes, Plaintiff has been damaged in an amount to be determined at trial.

## Jury Trial Demand

Plaintiff, Elizabeth Klemann, hereby demands trial by jury on all issues.

## Prayer for Relief

Plaintiff prays judgment as follows:

1.    For judgment in favor of Plaintiff and against the Defendant on all Counts.

2.    For all past, present, and future medical expenses incurred by Plaintiff.

3.    For compensatory damages in an amount to be determined at trial to compensate the Plaintiff.

4.    For damages in an amount to be determined at trial for all past, present, and future mental anguish and emotional distress suffered by Plaintiff.

5.    For punitive damages, as the same may be allowed by law.

6.    For all costs incurred in the prosecution of this action.

7.    For an award of interest, as deemed appropriate by the Court and as allowed by law.

8.      For an award of attorney's fees, as the same may be allowed by law.

9.      For such other and further relief, both at law and in equity, as the Court shall deem just and proper.

DATED this 14th day of September, 2023.

CARLS LAW, PLLC

/s/ Hillary P. Carls
Hillary P. Carls
*Attorney for Plaintiff*

10

# CERTIFICATE OF SERVICE

I, Hillary Prugh Carls, hereby certify that I have served true and accurate copies of the foregoing Complaint - Amended Complaint to the following on 09-14-2023:

Zachary Joseph Jackson Ailes (Defendant)
6 Ocean Lane
Palm Beach 33480
Service Method: Other Means by Consent

Electronically Signed By: Hillary Prugh Carls
Dated: 09-14-2023