Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
The Grand Building, Suite 700
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
cstacey@staceyfunyak.com
msorena@staceyfunyak.com

Kenneth A. Caruso
KENNETH CARUSO LAW LLC
15 West 72nd Street
New York, NY 10023
Phone: (646) 599-4970
ken.caruso@kennethcarusolaw.com

*ATTORNEYS FOR DEFENDANT
ZACHARY JOSEPH JACKSON AILES*

## IN THE UNITED STATES DISTRICT COURT
## THE DISTRICT OF MONTANA
## MISSOULA DIVISION

|  |  |  |
|---|---|---|
| ELIZABETH KLEMANN, | ) | CASE NO.: 9:23-CV-00150-DLC-KLD |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **DEFENDANT'S RULE 12(b)(6)** |
| v. | ) | **BRIEF IN SUPPORT OF MOTION** |
|  | ) | **TO DISSMISS, IN PART, FIRST** |
| ZACHARY JOSEPH JACKSON | ) | **AMENDED COMPLAINT** |
| AILES and JOHN DOE | ) |  |
| DEFENDANTS 1-50, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Defendant, Zachary Ailes ("Defendant"), respectfully submits this Brief in support of his motion, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss, in part, the First Amended Complaint ("FAC"), ECF 1-1, filed by Plaintiff, Elizabeth Klemann ("Plaintiff").

## STATEMENT OF FACTS

Defendant bases the following statement on the allegations of the FAC, which, on this motion to dismiss, the Court will take as true. *See In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litigation ["DRAM"]*, 28 F.4th 42, 46 (9th Cir. 2022).

Plaintiff is a citizen of Montana. Defendant is a citizen of Florida. In July 2019, each party was 19 years old.

On July 12, 2019, Defendant drove his vehicle eastbound on U.S. 2 in Flathead County, Montana, with Plaintiff as a passenger. Defendant, attempting to pass a truck, crashed head-on with another vehicle, driving westbound on U.S. 2.

In July 2022, Plaintiff commenced an action against Defendant in the Eleventh Judicial District Court, Flathead County, alleging claims for injuries arising out of the car crash. Specifically, the Complaint sought compensatory damages for negligence (Count I), negligence per se (Count II) and negligent and intentional infliction of emotional distress (Count III). The Complaint also sought

1

punitive damages for "actual fraud and or malice as defined in 27-1-221, MCA[.]" (Count IV).

Plaintiff did not serve process on Defendant. Fourteen months later, however, in September 2023, Plaintiff filed the FAC—which seeks to escalate this from a car-crash case to a sexual-assault case. Thus, according to the FAC:

On July 29, 2019—that is, 17 days after the car crash—Defendant "had sex with [Plaintiff]" without her consent. FAC ¶ 26; *see id*. ¶¶ 26-27; 33. The FAC implies that Defendant spiked Plaintiff's alcoholic drinks. *See id.* ¶ 29(a) (alleging Plaintiff's "impaired condition[,]" which Defendant "[c]reated . . . by encouraging Plaintiff to consume alcohol; and/or . . . upon information and belief, providing another intoxicant to impair Plaintiff[]").

The FAC realleges the four Counts set forth in the Complaint but adds allegations regarding the alleged sexual contact. Thus, specifically, Count I of the FAC alleges negligence with respect to both the car crash and the sexual contact; Count II alleges negligence per se with respect to both the car crash and the sexual contact; Count III alleges both the car crash and the sexual contact as the cause of emotional distress; and Count IV alleges both the car crash and the sexual contact as a basis for punitive damages under § 27-1-221, MCA.

Defendant removed this action from state court.  Defendant now moves to dismiss the FAC, to the extent it alleges claims arising out of alleged sexual contact.

## ARGUMENT

**I.      The Applicable Legal Standard On This Motion To Dismiss**

Rule 12(b)(6) provides, in pertinent part, that "a party may assert the following defenses by motion . . . failure to state a claim upon which relief can be granted."  Rule 12(b)(6) requires a court to "accept all nonconclusory facts alleged in the complaint as true[,]" *DRAM*, 28 F.4th at 46, but also "'authorizes a court to dismiss a claim on the basis of a dispositive issue of law.'"  *Seismic Reservoir 2020, Inc. v. Paulsson*, 785 F.3d 330, 335 (9th Cir. 2015), *quoting Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  "A statute-of-limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss." *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (cleaned up).

**II.     Count I, To The Extent It Alleges A Claim Arising Out Of Sexual Contact, Fails To State A Claim Upon Which Relief Can Be Granted**

The FAC alleges that Defendant "had sexual contact with Plaintiff without her consent."  FAC ¶ 33.  Count I of the FAC, in turn, and in pertinent part, alleges a "Negligence" claim arising out of that sexual contact.  *Id*. ¶¶ 45-52.  For two

related reasons, however, this claim fails as a matter of law: *First*, the claim is one for battery, not negligence; *second*, the battery claim is time-barred.

*First*, Count I alleges intentional conduct, such as "sexual contact[,]" and Defendant lying "on top of Plaintiff without a shirt on."  FAC ¶ 24.  A claim arising out of such conduct constitutes a claim for battery, as many cases hold.[1]  "Regardless of the label [Plaintiff] affixes[,]" the alleged "sexually abusive acts . . . were intentional as a matter of law[,]"  *State Farm Fire and Cas. Co. v. van Gorder*, 235 Neb. 355, 358 (1990), and Plaintiff cannot transform such acts into

---

[1] The cases hold, for example, that rape constitutes battery; *see, e.g., In re Hoult*, 243 B.R. 818, 822-23 (Bankr. M.D. Fla. 1999); that other forms of "sexual molestation" or "sexual abuse" constitute battery; *see, e.g., Petit v. Erie Ins. Exchange*, 117 Md. App. 212, 224-26 (1997); *Bonner v. Roman Catholic Diocese of Boise*, 128 Idaho 351, 352 (1996); and that the touching of body parts, such as breasts, buttocks and thighs, constitutes battery; *see, e.g., Rand v. Town of Exeter*, 976 F. Supp. 2d 65, 75-76 (D.N.H. 2013); *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1053-54 (N.D. Iowa 1999); *Wilson v. Taco Bell of America, Inc.*, 917 So. 2d 1223, 1226 (La. App. 2005); *Kelly v. County of Monmouth*, 380 N.J. Super. 552, 559-61 (App. Div. 2005); *Freeman v. Bush*, 199 F. Supp. 2d 907, 915-19 (S.D. Iowa 2002); *Brown v. Ford*, 905 P. 2d 223, 229-30 (Okla. 1995); *Meadows v. Guptil*, 856 F. Supp. 1362, 1371-72 (D. Ariz. 1993).

Plaintiff's claim, furthermore, is for battery, not assault.  The essential elements of the tort of battery include "acts intending to cause harmful or offensive contact[.]" *Collins v. State, Dep't of Justice*, 232 Mont. 73, 80 (1988), *quoting Restatement (Second) Torts* § 13 (1965).  The essential elements of the tort of assault, by contrast, include "acts intending to cause . . . an imminent apprehension of such a contact[.]"  *Id.*, *quoting* § 21.  Here, the FAC repeatedly alleges "contact," required for battery, and nowhere alleges "imminent apprehension" of contact, required for assault.  *See* Prosser, *Law of Torts* § 16 at 46 (5th ed. 1984) ("The difference between them is that between physical contact and the mere apprehension of it. One may exist without the other.")

"negligent acts or omissions[.]" FAC ¶ 41. "Negligence and intentional misconduct are contradictory terms—they differ in kind rather than degree. . . . Intent and negligence are mutually exclusive[.]" *Walden v. Maryland Cas. Co.*, 2017 WL 6015675, at *6 n.2 (D. Mont. Dec. 4, 2017) (Christensen, J.); *see United Nat'l Ins. Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993) ("recogni[zing] . . . the mutual exclusivity of negligence and battery[]").

It follows that a claim for "negligence"—which Count I alleges—fails as a matter of law. "'There is no such cause of action as negligent assault and[/or] battery.'" *United Nat'l*, 988 F.2d at 353, *quoting State Farm*, 235 Neb. at 358. The Court should therefore dismiss Count I, to the extent it alleges a claim arising out of sexual contact.

The allegations set forth in ¶¶ 49-50 of the FAC do not change that conclusion or result. Those paragraphs allege that Defendant "did not intend to harm Plaintiff, and therefore, is negligent[;]" ¶ 49; and that Defendant "did not expect or intend the consequences, and therefore, is negligent." ¶ 70. Those allegations, however, do not remove the claim from the realm of intentional tort or transform the claim into negligence.

The relevant intent is not an intent to *harm* but an intent to make or to inflict *offensive bodily contact*. "If an act is done with the intention of inflicting . . . an offensive but not a harmful bodily contact, or of putting another in apprehension of

either a harmful or offensive bodily contact, and such act causes a bodily contact . . . the actor is liable . . . for a battery although the act was not done with the intention of bringing about the resulting bodily harm." *Restatement (Second) Torts ("Restatement")* § 16(1) (1965); *see id*. § 13 (actor liable for battery if he acts "intending to cause a harmful or offensive contact" and "a harmful contact . . . results[]"); *see also id*. § 21(1)(a) (actor liable for assault if "he acts intending to cause a harmful or offensive contact" and "the other is thereby put in such imminent apprehension[]").

In other words, "the intent which is an essential element of the action for battery is the intent to make contact, not to do injury." *United Nat'l*, 988 F.2d at 355. The absence of "intent to harm is immaterial. . . . [V]oluntary contact constitutes the tort of battery." *White v. University of Idaho*, 115 Idaho 564, 565 (1989) (holding defendant liable where he "intended to touch [the plaintiff], though he did not intend to cause harm or injury.") "The intent element of the tort of battery does not require a desire or purpose to bring about a specific result or injury; it is satisfied if the actor's affirmative act causes an intended contact which is unpermitted and which is harmful or offensive." *Id*.

Many other cases so hold, with respect to both battery and assault.[2]  *See* Prosser, *Law of Torts* § 10 at 46 (5th ed. 1984) ("The intent element for assault is identical with that for battery.")

Here, the FAC alleges intentional bodily contact.  *See, e.g.*, ¶¶ 24, 26-31, 33-40.  The FAC therefore alleges an intentional tort—battery—not negligence.

*Second*, a claim for battery is time-barred.  Thus, § 27-2-204(3), MCA, provides, in pertinent part: "The period prescribed for the commencement of an action for . . . assault [or] battery . . . is within 2 years."  Here, according to the FAC, Defendant, on July 29, 2019, "had sexual contact with Plaintiff[.]"  FAC ¶ 33.  Plaintiff, however, did not assert this claim until September 2023, well beyond the 2-year period prescribed in the statute.  Accordingly, Count I, on its face, and to the extent it alleges a claim arising out of sexual contact, is time-barred.

---

[2] *See, e.g., Borrerro v. Haks Group, Inc.*, 165 A.D.3d 1216, 1218 (App. Div. 2d Dep't 2018) ("[o]nce intentional offensive contact has been established, the actor is liable for battery, not negligence") (cleaned up); *Fuerschbach v. Southwest Airlines Co.*, 439 F.3d 1197, 1209 (10th Cir. 2006) (battery committed where defendants touched plaintiff "intending to cause an offensive contact[;]" intent "merely to pull a prank[,]" rather than intent to injure, held not "an excuse" from liability for battery); *Labadie v. Semler*, 66 Ohio App. 3d 540, 543 (Ohio App. 1990) (defendant liable for battery where he intended to "scare[,]" rather than harm, plaintiff; "While [defendant] may not have envisioned the resulting injuries his action caused, he is nevertheless, liable for his intentional tortious conduct[]"); *Bennight v. Western Auto Supply Co.*, 670 S.W.2d 373, 378  (Tex. App. 1984) (defendant committed assault when he "[i]ntentionally plac[ed the plaintiff] in . . . fear[;]" his "intention to place [plaintiff] in such apprehension extends by operation of law to the specific additional injury which she did receive . . . *whether or not* [defendant] in fact intended that additional and subsequent harm.")

Plaintiff cannot evade the 2-year statutory time-bar by labeling the claim as "negligence."  "The gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim."  *Erickson v. Croft*, 233 Mont. 146, 153 (1988).  "[A] plaintiff cannot, simply by virtue of mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation."  *H & H Development, LLC v. Ramlow*, 364 Mont. 283, 287 (2012) (cleaned up).

Here, leaving aside the allegations regarding the car crash, the gravamen of the claim is "sexual contact," a phrase used extensively in the FAC.  *See, e.g.,* ¶ 33-36, 38, 40, 47; *see also* ¶¶ 26-28, 30, 32 (alleging that the parties "had sex[;]" "have sex[;]" "having sex").  The gravamen of the claim is therefore battery, and the claim is time-barred under § 27-2-204(3), MCA.  *See Weston v. Cole*, 233 Mont. 61, 63 (1988) (plaintiff who asserts claim for assault and battery cannot secure longer limitations period "by alleging that he intends to prove simply an 'unlawful act'" instead of an intentional tort).

III.     **Count II, To The Extent It Alleges A Claim Arising Out Of A Violation Of §§ 45-5-502-03, MCA, Fails To State A Claim Upon Which Relief Can Be Granted**

Count II alleges, in pertinent part, that Defendant "was negligent, as a matter of law,"—that is, negligent *per se*—"when he violated §§ 45-5-502-03, MCA[.]" FAC ¶ 55.  Section 45-5-502(1) provides: "A person who knowingly subjects another person to any sexual contact without consent commits the offense of sexual

assault." Section 45-5-503(1) provides: "Any person who knowingly has sexual intercourse with another person without consent or with another person who is incapable of consent commits the offense of sexual intercourse without consent." For two alternative reasons, this claim fails to state a claim upon which relief can be granted.

*First*, the cited statutes, quoted above, make it a crime to act "knowingly[,]" which requires pleading and proof of a mental state greater than, and more culpable than, negligence.[3] Accordingly, as a matter of law, a defendant cannot violate the cited statutes while acting negligently.

It follows that the Court should dismiss Count II, to the extent it alleges a claim based on a violation of the cited statutes. If, as the FAC alleges, Defendant acted "negligently" on July 29, 2019, then Defendant cannot have violated, and did not violate, the cited statutes.

---

[3] The Criminal Code establishes a "hierarchy of [three] mental states[,]" *State v. Klein*, 169 Mont. 350, 356 (1976), which descend from "purposeful" (the most culpable), to "knowingly[,]" to "negligently" (the least culpable). *Id.*; *see State ex rel. Booth v. Montana Twenty-First Judicial District*, 292 Mont. 371, 377 (1998) ("'Negligently' is a mental state, like 'knowingly' or 'purposely[]'"); *see generally State v. Mills*, 393 Mont. 121, 131 (2018). Pleading and proof that "a person acts purposely or knowingly[]" can substitute for pleading and proof of negligence. *See* § 45-2-102, MCA ("When the law provides that negligence suffices to establish an element of an offense, such element also is established if a person acts purposely or knowingly."). But that statute does not—and logically, cannot—provide that pleading and proof of negligence can substitute for pleading and proof of knowledge or purpose. The greater may establish the lesser requirement, but the lesser cannot establish the greater requirement.

*Second*, in the alternative, this claim is time-barred. If, as the FAC alleges, Defendant did violate the cited statutes, then he necessarily acted "knowingly," rather than negligently. Plaintiff's claim would therefore remain one for an intentional tort, battery, which is, for the reasons set forth in Point II above, time-barred.

**IV.    Count III, To The Extent It Alleges A Claim Arising Out Of Sexual Contact, Fails To State A Claim Upon Which Relief Can Be Granted**

Count III alleges, in pertinent part, that the "acts or omissions by Defendant related to the July 29, 2019 sexual encounter . . . proximately caused and resulted in negligent and intentional infliction of emotional distress on Plaintiff[.]" FAC ¶ 60. This claim, however, on its face, is time-barred under the applicable statute of limitation, § 27-2-204(1), MCA, which prescribes a 3-year period. Plaintiff did not commence an action on this claim until September 2023, well beyond that 3-year period.

**V.    Count IV, To The Extent It Alleges A Claim Arising Out Of Sexual Contact, Fails To State A Claim Upon Which Relief Can Be Granted**

Count IV seeks, in pertinent part, an award of punitive damages under § 27-1-221, MCA, alleging that Defendant "is guilty of actual fraud and/or malice . . . for engaging in . . . the July 29, 2019 sexual encounter." FAC ¶ 63(b). This Count, however, falls with Counts I-III. For the reasons set forth above, Plaintiff cannot recover compensatory damages on Counts I-III. Plaintiff therefore cannot recover

punitive damages.  *See* § 27-1-220, MCA (allowing punitive damages but only "in addition to compensatory damages"); *Feller v. First Interstate Bancsystem, Inc.*, 369 Mont. 444, 453 (2013).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the FAC, to the extent it alleges claims arising out of alleged sexual contact.

**DATED** this 10th day of January, 2024.

STACEY & FUNYAK

By: /s/Calvin J. Stacey
Calvin J. Stacey

KENNETH CARUSO LAW

By: /s/Kenneth A. Caruso
Kenneth A. Caruso
*Admitted Pro Hac Vice*

Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document complies with the word limit of Local Rule 7.1(d)(2) because this document, excluding the caption, certificate of compliance and certificate of service, contains 2,107 words.  I make this certification in reliance on the word count feature of Microsoft Word.

By: <u>/s/ Kenneth A. Caruso</u>
Kenneth A. Caruso
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2024, a true and correct copy of the foregoing ***Defendant's Rule 12(b)(6) Brief in Support of Motion to Dismiss, in Part, First Amended Complaint*** was served upon the following person(s) by the following means:

   X          CM/ECF
_____Hand Delivery
_____U.S. Mail

1. Clerk of Court

2. Hillary P. Carls
   Carls Law, PLLC
   P.O. Box 85
   Bozeman, MT 59771
   406.577.2145
   406.219.0256 (fax)
   hillary@carlslaw.com

   Counsel for Plaintiff

                           KENNETH CARUSO LAW

               By:   /s/ Kenneth A. Caruso
                      Kenneth A. Caruso