IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ELIZABETH KLEMANN, | CV 23-150-M-KLD |
| Plaintiff, | |
| vs. | ORDER |
| ZACHARY JOSEPH JACKSON AILES and JOHN DOE DEFENDANTS 1-50, | |
| Defendants. | |

This matter comes before the Court on Defendant Zachary Joseph Jackson Ailes' motion to partially dismiss counts one through four of the First Amended Complaint for failure to state claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 15). The motion is granted for the reasons stated below.

I.      **Background**[1]

In July 2019, Plaintiff Elizabeth Klemann, who is a Montana resident, and Ailes, who is a Florida resident, met in person for the first time while Ailes was

---

[1] The following facts are taken from the Amended Complaint and are assumed to be true for the limited purpose of ruling on the pending motion to dismiss.

1

vacationing in Montana. (Doc. 6 at ¶¶ 1-2, 4-5). On the morning of July 12, 2019, Ailes was driving his vehicle eastbound on U.S. 2 in Flathead County, Montana, with Klemann as a passenger. (Doc. 6 at ¶ 8). While attempting to pass a semi-truck, Ailes crashed head-on with another vehicle driving westbound on U.S. 2. (Doc. 6 at ¶¶ 9-10). Klemann suffered a brain injury in the crash. (Doc. 6 at ¶¶ 18-19).

At the time of the accident, Ailes and Klemann had only known each for a few days. (Doc. 6 at ¶ 8). When they first met, Ailes kissed Klemann without her consent. (Doc. 6 at ¶ 16). During this period, Ailes drove drunk on three separate nights and forced Klemann to ride with him. Ailes also demanded unwanted sexual contact from Klemann, became violent with her, and handled firearms in a reckless manner while in her presence. (Doc. 6 at ¶ 17).

On the evening of July 29, 2019, approximately two weeks after the crash, Ailes and Klemann met at the hotel where Ailes was staying and walked to a restaurant. (Doc. 6 at ¶ 21). At some point that evening Ailes told Klemann she was acting drunk although she had not consumed much alcohol, and when they walked back to the hotel Klemann was unable to walk a straight line. (Doc. 6 at ¶¶ 22-23). After they arrived at the hotel, Ailes had sex with Klemann without her consent. (Doc. 6 at ¶¶ 24-28). Klemann alleges that Ailes knew or should have known that she was impaired and could not consent to have sex with him because

he caused the crash that resulted in her brain injury, encouraged her to consume alcohol, and provided another intoxicant to impair her that evening. (Doc. 6 at ¶ 29-31).

On July 7, 2022, Klemann filed a complaint against Ailes in the Eleventh Judicial District Court, Flathead County, alleging claims for injuries arising out of the car crash. (Doc. 5 at 2-6). Klemann alleged claims for negligence, negligence per se, negligent and intentional infliction of emotional distress, and actual fraud or malice. (Doc. 5 at 4-5).

On September 14, 2023, Klemann filed a First Amended Complaint ("Amended Complaint") in state court alleging the same four claims, but adding allegations of sexual contact without consent. Count 1 alleges negligence with respect to the car crash and the sexual contact; Count 2 alleges negligence per se with respect to the car crash and the sexual contact; Count 3 alleges the car crash and the sexual contact as the cause of emotional distress; and Count 4 alleges the car crash and the sexual contact as a basis for punitive damages under Mont. Code Ann. § 27-1-221. (Doc. 6).

Ailes accepted service on November 17, 2023 (Doc. 5 at 12-13), and timely removed the case to this Court based on diversity jurisdiction (Doc. 1). Ailes now moves to dismiss the Amended Complaint to the extent it alleges claims arising out of alleged sexual contact.

## II.    Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is proper under Rule 12(b)(6) when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). A plaintiff must state a claim for relief that is "plausible on its face" to survive a motion to dismiss. *Zixiang Li*, 710 F.3d at 999 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the motion to dismiss stage, the court "take[s] all well-pleaded factual allegations in the complaint as true, construing them in the light most favorable to the nonmoving party." *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint will survive a motion to dismiss if it alleges facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But if the complaint "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory,"

then dismissal under Rule 12(b)(6) is appropriate. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Because this is a diversity action, the Court applies the substantive law of Montana, the forum state. *See Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

## III. Discussion

### A. Negligence (Count 1)

To the extent Klemann's negligence claim is based on allegations of sexual contact, Ailes argues the claim sounds in battery and is barred by Montana's two-year statute of limitations for intentional torts. *See* Mont. Code Ann. § 27-2-204(3) (the statute of limitations for battery is two years). Klemann counters that even considering her allegations of sexual contact, the gravamen of her claim is negligence, which means that the longer three-year statute of limitations for tort actions applies. *See* Mont. Code Ann. § 27-2-204(1) (the statute of limitations for negligence is three years).

Under Montana law, "[t]he gravamen of the claim, not the label attached, controls the limitations period to be applied to that claim." *Erickson v. Croft*, 760 P.2d 706, 710 (Mont. 1988). The Montana Supreme Court "has consistently looked to the nature of the acts alleged by the plaintiff, as opposed to the manner in which the complaint is framed, to determine the 'gravamen' of the complaint." *Saucier v.*

5

*McDonald's Rests. of Mont., Inc.*, 179 P.3d 481, 493 (Mont. 2008). "[A] plaintiff cannot, simply by virtue of mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation." *H&H development, LLC v. Ramlow,* 272 P.3d 657, 661 (Mont. 2012) (citing *Guest v. McLaverty*, 138 P.3d 812, 815 (Mont. 2006)). *See also Selensky-Foust v. Mercer*, 510 P.3d 78, 82 (Mont. 2022) (holding that the gravamen of the claim (medical malpractice) not the label attached (general negligence) controlled the statute of limitations period for the claim).

Relevant here, Count 1 alleges that on July 29, 2019, Ailes "negligently communicated with" Klemann, "negligently failed to determine whether he had [Klemann's] consent to have sexual contact with her," and "negligently failed to receive consent from [Klemann] prior to having sexual contact." (Doc. 6 at ¶¶ 47-48). Although these allegations are cast in terms of negligence, Ailes argues this aspect of Count 1 is, in substance, a claim for battery. The Court agrees.

"[T]he tort of battery is an intentional contact by one person with the person of another which is harmful or offensive." *Saucier,* 179 P.3d at 494. Under Montana law, allegations of intentional, harmful, and offensive sexual contact without effective consent constitute a claim for battery. *Saucier*, 179 P.3d at 494.[2]

---

[2] Consistent with *Saucier*, Ailes cites several cases from other jurisdictions holding that allegations of sexual abuse, sexual molestation, and other forms of nonconsensual sexual contact constitute battery. (Doc. 16 at 5 n.1). *See e.g. Pettit*

6

*See also Bilbruck v. Valley County*, 2024 WL 3200745, at *5 (D. Mont. June 26, 2024) (recognizing that allegations of intentional nonconsensual "physical sexual contact" constitute a claim for battery).

Although Count 1 is titled negligence, Klemann's supporting factual allegations plainly set forth intentional, harmful, and offensive nonconsensual sexual contact. Klemann alleges that after returning to the hotel with Ailes on the night of July 29, 2019, Ailes angrily responded to a comment she made and her next memory is of him lying "on top of [her] without a shirt." (Doc. 6 at ¶¶23(d), 24). Klemann claims that she "woke up the next morning not wearing underwear or pants, but still wearing her shirt and bra," and as she got dressed she explained to Ailes that she did not remember the night before." (Doc. 6 at ¶¶ 25-26). Klemann asked Ailes if they had sex, and Ailes confirmed that he had sex with her. (Doc. 6 at ¶ 26).

Klemann alleges that although she only had a few alcoholic drinks while they were out the night before, she was unable to walk straight as they left the restaurant, could not remember much of what happened after they returned to the hotel, and was incapable of consenting to sex with Ailes. (Doc. 6 at ¶¶ 22-27).

---

*v. Erie Ins. Exch.*, 699 A.2d 550, 556-557 (Md. App. 1997) (sexual molestation constituted common law battery); *Bonner v. Roman Catholic Diocese of Boise*, 913 P.2d 567, 568 (Idaho 1996) (an act of sexual abuse is a battery); *Rand v. Town of Exeter*, 976 F.Supp.2d 65, 75-76 (D. N.H. 2013) (allegations of nonconsensual sexual contact could constitute battery).

Klemann claims that Ailes had encouraged her to drink alcohol, and "upon information and belief, provid[ed] another intoxicant to impair" her on the night in question. (Doc. 6 at ¶ 29).

Count 1 of the Amended Complaint is thus premised on allegations of intentional, harmful, and offensive nonconsensual physical sexual contact that, if proven, would constitute battery under Montana law. Ailes argues Klemann cannot change the gravamen of Count 1 simply labeling it as a claim for negligence and characterizing the conduct alleged as negligence in an attempt to secure the longer statute of limitations applicable to intentional torts.

Ailes begins with the settled principle that negligence and intentional misconduct are mutually exclusive. *See Walden v. Maryland Cas. Co.,* 2017 WL 6015675, at *6 n. 2 (D. Mont. Dec. 4, 2017). "Any given act may be intentional or it may be negligent, but it cannot be both. Intent and negligence are regarded as mutually exclusive grounds for liability. As the saying goes, there is no such thing as a negligent battery, since battery is defined to require an intentional touching without consent not a negligent one." Dobbs, *Law of Torts* § 31, p. 77 (2d ed. 2011). *See also*, *United National Ins. Co. v. Tunnell, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993) (recognizing that negligence and battery are mutually exclusive, and there is no cause of action for negligent battery).

Consistent with this principle, a plaintiff cannot change the gravamen of a claim that sounds in battery by mislabeling the claim and couching it in terms of negligence in an attempt to secure a longer statute of limitations. *See H&H Development,* 272 P.3d at 661 (making clear that "a plaintiff cannot, simply by virtue of mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation"); *Evans v. Shucker's Piano & Oyster Bar, Inc.*, 281 So.3d 302, 307 (Miss. App. 2019) (explaining that "a plaintiff cannot avoid the [shorter] statute of limitations applicable to assault and battery claims by restyling an intentional assault as 'negligence'"); *Yernatich v. St. Louis County*, 2011 WL 3274088, at *3 (D. Minn. 2011) (concluding the plaintiff's state law claims were "in fact alleging intentional torts, although they [were] couched as negligence claims," and applying the statute of limitations for intentional torts); *United National,* 988 F.2d at 354-55 (concluding that an insurance policy exclusion for assault and battery barred coverage because the plaintiff in the underlying action was "seeking to recover by 'dressing up the substance' of one claim, here a battery, in the 'garments' of another, here negligence").

Klemann argues the gravamen of Count 1 is negligence because she alleges that Ailes owed her a duty of reasonable care; "negligently" failed to determine whether she consented to having sexual contact with him; "did not intend to harm" her and "did not expect or intend the consequences" of his actions; and "legally

and proximately caused" her injuries. (Doc. 6 at ¶¶ 32, 46-50). Because she does not allege that Ailes intended to harm her, Klemann contends, her claim sounds in negligence, not battery. (Doc. 17 at 11).

But as Ailes responds, the relevant intent for purposes of battery is not the intent to harm, but the intent to make or inflict offensive bodily contact. (Doc. 16 at 6). Like many other states, Montana has adopted the definition of battery provided by the Restatement (Second) of Torts, which states that "[a]n actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other…, and (b) a harmful contact with the person of the other directly or indirectly results." *Restatement (Second) Torts* § 13 (1965). *See Collins v. State, Dept. of Justice, Div. of Highway Patrol*, 755 P.2d 1373, 1377-78 (Mont. 1988) (adopting the definition of battery from the Restatement (Second) of Torts). On the issue of intent, the Restatement states that "[i]f an act is done with the intention of inflicting…an offensive but not harmful bodily contact…and such act causes a bodily contact to the other, the actor is liable to the other for battery although the act was not done with the intention of bringing about the resulting harm." *Restatement of Torts (Second)* § 16(1).

Consistent with the Restatement, Ailes cites a number of cases from other jurisdictions holding that the intent element of a claim for battery does not require the intent to inflict harm, but rather the intent to make offensive bodily contact. *See*

*e.g. United National*, 988 F.2d at 355 ("the intent which is the essential element of the action for battery is the intent to make contact, not to do injury"); *White v. University of Idaho*, 797 P.2d 108, 111 (Idaho 1990) (affirming that "[t]he intent element of the tort of battery does not require a desire or purpose to bring about a specific result or injury; it is satisfied if the actor's affirmative act causes an intended contact which is unpermitted and which is harmful or offensive" and holding the defendant liable where he intended to touch the plaintiff but did not intend to cause harm or injury); *Borrero v. Haks Group, Inc.*, 165 A.D.3d 1216, 1218 (N.Y. App. Div. 2d Dept. 2018) (explaining that "[o]nce intentional offensive contact has been established, the actor is liable for battery, not negligence," and making clear that "if, based on a reading of the factual allegations, the essence of the cause of action is [battery], the plaintiffs cannot exalt form over substance by labeling the action as one to recover damages for negligence") (citations omitted).

Although Count 1 of the Amended Complaint is titled "negligence" and alleges "negligent" conduct, it is based on factual allegations that Ailes had intentional physical contact with Klemann which was offensive or harmful. *See Saucier,* 179 P.3d at 494 ("As provided in the Montana Pattern Instructions, which are modeled after the *Restatement (Second) of Torts*, the tort of battery is 'an intentional contact by one person with the person of another which is harmful or

offensive.'"). Klemann cannot change the gravamen of this claim, which sounds in battery, by labeling it "negligence" and couching it in terms of negligence.

To the extent Count 1 constitutes a claim for battery, Ailes argues it is barred by the applicable statute of limitations. Under Montana law, "[t]he period prescribed for the commencement of an action for …battery…is within 2 years." Mont. Code § 27-2-204(3). The Amended Complaint alleges that Ailes had nonconsensual sexual contact with Klemann on July 29, 2019. (Doc. 6 at ¶ 36). Because Klemann did not amend her state court complaint to include her allegations of sexual contact until September 14, 2023, more than four years later, Ailes argues Count 1 is time-barred to the extent it constitutes a claim for battery.

Klemann argues that if the two-year statute of limitations for intentional torts applies, it should be equitably tolled. Under Montana law,[3] "[e]quitable tolling allows in limited circumstances for an action to be pursued despite the failure to comply with relevant statutory filing deadlines." *Lozeau v. Geico Indem. Co.*, 207 P.3d 316, 323 (Mont. 2009). For equitable tolling to apply, a plaintiff "must first show a reasonable good faith pursuit of one of several possible legal remedies," and then demonstrate that the following criteria are satisfied: "(1) the defendant

---

[3] A federal court sitting in diversity applies the forum state's statute of limitations and "must abide by a state's tolling rules, which are integrally related to statutes of limitations." *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011).

was notified timely within the statute of limitations by the filing of the first claim; (2) the defendant's ability to gather evidence for defense of the second claim was not prejudiced; and (3) the plaintiff reasonably and in good faith filed the second claim." *Lozeau,* 207 P.3d at 324.

While *Lozeau* "presents a viable framework for resolving tolling issues where alternative legal remedies exist," the Montana Supreme Court has rejected a "one-size-fits-all approach that would serve only to undermine the purpose of the equitable tolling doctrine." *Schoof v. Nesbit*, 316 P.3d 831, 841 (Mont. 2014). Equitable tolling may also be applied in "rare and exceptional circumstances," such as in "those instances where a plaintiff is substantially prejudiced by a defendant's concealment of a claim, despite the exercise of diligence by a plaintiff." *Schoof*, 316 P.3d at 841.

Klemann has not shown that the requirements for equitable tolling are satisfied under the circumstances present here. Klemann had one possible remedy—a civil action for damages—which she filed in state court in July 2022. Klemann's original complaint did not contain any allegations of sexual contact, and did not give Ailes notice that she was asserting any claims based on the events that allegedly took place on the night of July 29, 2019. Klemann did not amend her complaint to add allegations of sexual contact until September 2023—more than four years after the night in question—thereby increasing the likelihood that

Ailes's ability to gather evidence in defense of those allegations will have been prejudiced by the passage of time. Further, Klemann has not shown that she acted reasonably and in good faith by waiting more than four years to asserts claims based on Ailes's alleged conduct on the night of July 29, 2019.

Klemann nevertheless contends there are exceptional and extraordinary circumstances warranting equitable tolling, namely, "the understandably complex nature of being a victim, identifying options, and courageously disclosing traumatic experiences." (Doc. 17 at 16). While the Court is sympathetic to these issues, Klemann has not shown that they constitute exceptional circumstances warranting equitable tolling of the applicable limitations period. To the extent Klemann further argues the fact that she "has been recovering from brain damage caused by Mr. Ailes" provides a basis for equitable tolling (Doc. 17 at 16), she has not shown that her alleged brain damage is so severe that it interfered with her ability to comply with the statute of limitations.

Klemann also invokes the doctrine of continuing tort, arguing that Ailes' "actions" and "lack of due care" on July 29, 2019 "effectively created a continuing tort" that cause her "ongoing injury." (Doc. 17 at 17). "A continuing tort is one that is not capable of being captured by a definition of time and place of injury because it is an active, progressive[,] continuing occurrence … taking place at all times." *Christian v. Atlantic Richfield Co.*, 358 P.3d 131, 140 (Mont. 2015). The

continuing tort doctrine can apply to toll the limitations period for a tort claim "if the injury is of a nature that may be considered continuing." *Christian,* 358 P.3d at 150.

Continuous injuries are not the same as continuous effects, however, and the doctrine does not apply in cases where a defendant's tortious conduct merely has continuous effects. *See McGown Precision Barrels, LLC v. Proof Research, Inc.*, 637 F.Supp.3d 1116, 1133 (D. Mont. 2022) (citing *Buhl v. Biosearch Medical Products, Inc.*, 635 F.Supp. 956, 961 (D. Mont. 1985) (applying Montana law)). Here, Klemann alleges harm as a result of a single identifiable incident—the alleged "sexual contact" on July 29, 2019—and any continuing effects of Ailes' alleged conduct are insufficient to trigger the continuing tort doctrine.

For the reasons outline above, to the extent Count 1 is based on allegations of sexual contact, it fails to state a claim for relief because it sounds in battery and is barred by the applicable two-year statute of limitations. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim.").

### B.   Negligence Per Se (Count 2)

To the extent Klemann's claim for negligence per se is based on an alleged violation of Montana's criminal statutes, Ailes argues Klemann fails to state a

claim for relief. Count 2 of the Amended Complaint alleges, in part, that Ailes violated Mont. Code Ann. § 45-5-502 and § 45-5-503, "and this negligence as a matter of law legally and proximately caused" Klemann's injuries. (Doc. 6 at ¶ 55).

Section 45-5-502(1) provides: "A person who knowingly subjects another person to any sexual contact without consent commits the offense of sexual assault." Section 45-5-503(1) provides: "A person who knowingly has sexual intercourse with another person without consent or with another person who is incapable of consent commits the offense of sexual intercourse without consent."

Ailes argues Klemann cannot state a claim for negligence per se based on an alleged violation of these statutes for two reasons. First, Ailes asserts that if, as the Amended Complaint characterizes it, he acted "negligently" on July 29, 2019, he cannot have violated these statutes because they would require proof that he acted "knowingly," which is a more culpable legal standard. *See State v. Klein*, 547 P.3d 75, 78 (Mont. 1976) (Montana criminal statutes establish a "hierarchy of mental states" that descend from "purposeful," which is the most culpable, to "knowingly" and then to "negligently," which is the least culpable.). While it is true, as Klemann points out in response, that violation of a statute may provide proof of negligence, Ailes persuasively argues that if he merely acted "negligently" as alleged in the Amended Complaint, he cannot have violated either of these criminal statutes.

Second, and alternatively, Ailes maintains that if he did violate these statutes as alleged, then he necessarily acted "knowingly," not negligently, and Klemann's claim would therefore sound in the intentional tort of battery, which is time-barred. Again, the Court agrees. To the extent Klemann alleges negligence per se based on violations of Mont. Code Ann. § 45-5-502 and § 45-5-503, she would have to establish that Ailes acted knowingly, which means that her claim sounds in battery and is barred by the two-year statute of limitations applicable to intentional torts.

### C.     Emotional Distress (Count 3)

To the extent Klemann's claim for emotional distress is based on allegations of sexual contact, Ailes argues it is barred by the statute of limitations and fails to state a claim for relief. Klemann does not specifically address this aspect of Ailes's motion in her response brief.

Count 3 of the Amended Complaint alleges, in relevant part, that the "acts or omissions by Defendant related to the July 29, 2019 sexual encounter … proximately caused and resulted in negligent and intentional infliction of emotional distress on Plaintiff[.]" (Doc. 6 at ¶ 60). Under Montana law, the general statute of limitations of three years for personal injury actions applies to claims for negligent and intentional infliction of emotional distress. Mont. Code Ann. § 27-2-204(1). *See Bilbruck*, 2024 WL 3200745, at *6 (intentional infliction of emotional distress); *Anderson v. Montana Dept. of Public Health and Human Services*, 2024

WL 1575021, at *15 (D. Mont. Feb. 20, 2024) (negligent infliction of emotional distress). Because Klemann did not amend her complaint to seek emotional distress damages based on sexual contact until September 2023—more than three years after the alleged sexual encounter on July 29, 2019—this aspect of her emotional distress claim is time-barred.

### D.   Actual Fraud/Malice (Count 4)

Count 4 of the Amended Complaint requests punitive damages based on actual fraud and/or malice for conduct related to "the July 12, 2019 crash" and "the July 29, 2019 sexual encounter." (Doc. 6 at ¶¶ 62-66). Under Montana law, compensatory damages are a prerequisite to punitive damages. Mont. Code Ann. § 27-1-220(1) (punitive damages may only be awarded "in addition to compensatory damages"); *Stipe v. First Interstate Bank-Polson*, 188 P.3d 1063, 1068 (Mont. 2008) ("Actual damages are a predicate for punitive damages, and an individual with no real or actual damages has no right of action for punitive damages.").

Because Klemann's claims for compensatory damages arising out of the alleged sexual encounter of July 29, 2019, fail as a matter of law for the reasons discussed above, she cannot maintain a claim for punitive damages based on Ailes' alleged conduct during that encounter. Accordingly, to the extent Count 4 alleges a claim for punitive arising out of sexual contact, Klemann fails to state a claim for relief.

### E. Request to Amend

If, as the Court has concluded, the Amended Complaint alleges conduct that sounds in battery rather than negligence, Klemann seeks leave to amend to provide "more specific statements regarding when her claims accrued" and to focus on "negligent acts." (Doc. 17 at 17). The Court fails to see how permitting Klemann to provide additional allegations of "negligence" would change the gravamen of her claim, which sounds in battery to the extent it is based on allegations of sexual contact for the reasons discussed above. Because amendment would be futile, Klemann's request to amend is denied. *See e.g. Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify denial of … leave to amend.").

### IV. Conclusion

For the reasons discussed above,

IT IS ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss Counts 1 through 4 of the Amended Complaint to the extent they allege claims arising out of alleged sexual contact is GRANTED.

DATED this 9th day of August, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge